**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **BREANNE JEFFRIES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **Case No.:** |
| | ) | |
| **INDEPENDENCE SCHOOL DISTRICT** | ) | **JURY TRIAL DEMANDED** |
| **Serve:** | ) | |
| **% Dr. Dale Herl, Superintendent of Schools** | ) | |
| **201 North Forest Avenue** | ) | |
| **Independence, MO  64050** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **INDEPENDENCE SCHOOL DISTRICT** | ) | |
| **BOARD OF EDUCATION** | ) | |
| **Serve:** | ) | |
| **% Eric Knipp, President** | ) | |
| **201 North Forest Avenue** | ) | |
| **Independence, MO  64050** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RICHARD NEAL JOHNSON** | ) | |
| **Serve:** | ) | |
| **Neal Johnson** | ) | |
| **5009 South Conway Court** | ) | |
| **Independence, MO 64055** | ) | |
| | ) | |
| **Defendants.** | ) | |

## EMPLOYMENT DISCRIMINATION COMPLAINT

COMES NOW Plaintiff BREANNE JEFFRIES (hereinafter "JEFFRIES" or "Plaintiff"), by and through her undersigned counsel, and for her cause of action against Defendants INDEPENDENCE SCHOOL DISTRICT (hereinafter "DISTRICT"), INDEPENDENCE SCHOOL DISTRICT BOARD OF DIRECTORS (hereinafter "BOARD"),

1

and RICHARD NEAL JOHNSON (hereinafter "JOHNSON"), (collectively referred to as "Defendants"), and avers and states as follows:

## INTRODUCTION

1.      The claims in this Petition arise out of Plaintiff's employment relationship with Defendants.

2.      In violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "the Act"), Plaintiff was subjected to unlawful sex/gender discrimination, sexual harassment, and retaliation for her complaints of said discrimination.

3.      Plaintiff seeks all relief available under the Act, including but not limited to, compensatory and punitive damages, and any other damages as allowed under the law.

## PARTIES AND JURISDICTION

4.      Plaintiff incorporates and adopts by reference paragraphs 1 through 3 as though fully set forth herein.

5.      At all relevant times herein, Plaintiff was a female, who was and is a resident and citizen of Jackson County, Missouri.

6.      At all relevant times herein, Plaintiff was employed by Defendants, in Independence, Jackson County, Missouri.

7.      Defendant DISTRICT is an organization existing to operate educational facilities in the area of Independence, Jackson County, Missouri, and, at all relevant times herein, was Plaintiff's employer.

8.      Defendant BOARD is a group of elected officials charged with the duty of supervising the education occurring in Independence, Jackson County, Missouri, and, at all

relevant times herein, was Plaintiff's employer.

9.      Upon information and/or belief, Defendant JOHNSON is an individual resident and citizen of Jackson County, Missouri, and, at all times relevant hereto, was employed by Defendants DISTRICT and BOARD.

10.     Defendants DISTRICT and BOARD are a Missouri public, governmental or quasi-public corporation or body.

11.     Defendants DISTRICT and BOARD are an "employer" as contemplated by the MHRA.

12.     Defendants DISTRICT and BOARD had six or more employees on all relevant dates contained herein.

13.     Plaintiff's cause of action arises out of conduct that took place in Jackson County, Missouri.

14.     Defendants DISTRICT and BOARD conduct continuous and systematic business in Jackson County, Missouri.

15.     At all relevant times herein, each of Defendants' employees named in this Petition were the agents, servants, and/or employees of Defendants.

16.     This Court has jurisdiction over this action under 28 U.S.C. § 1343, which provides for original jurisdiction in this Court for suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and under 28 U.S.C. § 1331, which provides original jurisdiction in this Court for suits arising under federal law, and with respect to Title VII, under 42 U.S.C. § 2000e-5(f)(3).

17.     Plaintiff's action for damages is authorized under 42 U.S.C. § 2000e *et seq*., which provides for redress, including actual and punitive damages and recovery of attorneys' fees, when an individual has suffered discrimination in employment based on sex/gender and retaliatory discharge.

18.     Venue is proper in the United States District Court for the Western District of Missouri under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19.     Plaintiff incorporates paragraphs 1 through 18 by reference as though fully set out herein.

20.     Plaintiff has timely filed—with the Equal Employment Opportunity Commission ("EEOC")—a Charge of Discrimination against Defendants on the basis of sexual harassment, gender discrimination, and retaliation. A copy of said Charge of Discrimination is attached hereto as "Exhibit A," and is hereby incorporated by reference as if fully set forth herein.

21.     The aforesaid charges of discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an EEOC investigation that could reasonably be expected to have grown out of the Charge of Discrimination.

22.     Plaintiff requested and received a Notice of Right to Sue letter from the EEOC, and this lawsuit is being timely filed within 90 days of the EEOC's issuance of said Notice. A

4

copy of said Notice of Right to Sue letter is attached hereto as "Exhibit B," and is hereby incorporated by reference as if fully set forth herein.

23. Plaintiff has satisfied and exhausted all private, administrative, and judicial remedies and prerequisites to the institution of this action, and this Petition is filed within the applicable statute of limitations.

24. Defendants DISTRICT and BOARD ratified, aided, abetted, incited, compelled, and/or coerced and/or attempted to do so the commission of acts prohibited under MHRA the actions or misconduct alleged herein—specifically by Defendant JOHNSON—making Defendants DISTRICT and BOARD vicariously liable for actions and/or misconduct alleged herein.

## ALLEGATIONS COMMON TO ALL COUNTS

25. Plaintiff incorporates paragraphs 1 through 24 by reference as though fully set out herein.

26. At all relevant times herein, Plaintiff was an employee of Defendants since July of 2019, as a teacher at Cassell Park Elementary School.

27. At all times relevant herein, Defendant JOHNSON's comments and actions, as outlined in this Petition, were directed strictly to Defendants' female staff only. Upon information or belief, Defendant JOHNSON made no similar comments or acted similarly with Defendants' male staff.

28. During a meeting prior to the start of the 2019-2020 school year, Defendant JOHNSON lectured the female staff that "women are often ducks… quacking and pooping."

Defendant JOHNSON further stated he wanted women to be "eagles and soar above the ducks and not gossip."

29.    In January 2020, Defendant JOHNSON commented to PLAINTIFF that women in the office were having a "hen fight."

30.    In February 2020, Defendant JOHNSON was discussing former president Bill Clinton interviewing interns, where at Defendant Johnson stated "he throws a pen on the floor and tells them to pick it up."

31.    As Plaintiff is a member of the LGBTQ+ community—a fact which Defendant JOHNSON knew—in January 2021, Defendant JOHNSON refused to show a particular video in school because it featured a Pride flag, while commenting "this is my school and I will always have my bias. I decide what is shown."

32.    In April 2021, Defendant JOHNSON called a female staff member a "bitch."

33.    Other inappropriate, derogatory, and sexual comments made by Defendant JOHNSON include: "Women are just something (I) have to deal with," telling several female staff that he feels bad for their partners because of how opinionated Defendant JOHNSON perceived them to be, while frequently making comments about the appearances of young female staff.

34.    Upon information and belief, during a one-on-one meeting with one young female teacher, Defendant JOHNSON told her that she has a "beautiful heart, a beautiful mind, and a beautiful body."

35.    When that same teacher began dating someone new, Defendant JOHNSON told her that Defendant JOHNSON needs to "approve of the guy."

6

36.     When Defendant JOHNSON discovered a student had come out as transgender, Defendant JOHNSON stated, "I don't believe in that."

37.     In February 2021, a school-wide investigation commenced, and allegations were brought forth by nine teachers against Defendant JOHNSON. Many faculty and staff were interviewed by Greg Gilliam, the school's Title IX Coordinator.

38.     On March 12, 2021, everyone who had brought allegations against Defendant JOHNSON received a letter from Greg Gilliam saying all the allegations were found to be somehow "unsubstantiated."

39.     Defendant JOHNSON then retaliated against the teachers—e.g., if a teacher had an issue/problem with a student, Defendant JOHNSON continuously withheld assistance.

40.     In April 2021, Defendants DISTRICT, BOARD, and STATE promoted Defendant JOHNSON to Assistant Principal at Truman High School in Independence, Jackson County, Missouri.

41.     Defendant JOHNSON has continuously stated that women are hard to live/be with and that men should maintain control over their women.

42.     Plaintiff, by virtue of her female gender, Plaintiff is a member of a class of persons protected by the MHRA.

## COUNT I – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43.     Plaintiff incorporates paragraphs 1 through 42 by reference as though fully set out herein.

44.     Defendants—specifically Defendant JOHNSON—had a duty and owed Plaintiff a duty to refrain from making inappropriate, derogatory, and sexual comments to

7

Plaintiff and causing Plaintiff harm—a duty of which Defendants negligently breached, as outlined herein.

45.     Defendants'—specifically Defendant JOHNSON's—conduct, as outlined herein, is so outrageous in character, and so extreme in degree, that it goes beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized community.

46.     Defendants—specifically Defendant JOHNSON—knew or should have known that making inappropriate, derogatory, sexual comments at work would, and did, cause an unreasonable risk of severe and extreme emotional distress to Plaintiff.

47.     Defendants'—specifically Defendant JOHNSON's—conduct constituted disregard for Plaintiff's rights and/or safety, and Defendant JOHNSON's conduct was directed specifically at Plaintiff.

48.     As a direct and/or proximate result of Defendants'—specifically Defendant JOHNSON's—negligent conduct and/or omissions, as outlined herein, Plaintiff has, and will in the future, suffer severe and extreme emotional distress.

49.     As a direct and/or proximate result of Defendants'—specifically Defendant JOHNSON's—negligent conduct and/or omissions, as outlined herein, Plaintiff has, and will in the future, suffer injuries and damages.

WHEREFORE, under Count I, Plaintiff prays for judgment against Defendants under the Act in a sum in excess of $25,000.00, for reasonable attorneys' fees, costs, interest as allowed by law, and for other such relief that this Court deems just and proper under the circumstances.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiff incorporates paragraphs 1 through 49 by reference as though fully set out herein.

51.     Defendants—specifically Defendant JOHNSON—had a duty and owed Plaintiff a duty to refrain from making inappropriate, derogatory, and sexual comments to Plaintiff and causing Plaintiff harm—a duty of which Defendants intentionally and/or recklessly breached, as outlined herein.

52.     Defendants'—specifically Defendant JOHNSON's—conduct, as outlined herein, is so outrageous in character, and so extreme in degree, that it goes beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized community. Defendants' conducts are more than malicious and intentional, and, said conducts are not mere insults, indignities, threats, annoyances, or petty oppressions.

53.     Defendants—specifically Defendant JOHNSON—knew or should have known that making inappropriate, derogatory, sexual comments at work would, and did, cause an unreasonable risk of severe and extreme emotional distress to Plaintiff.

54.     Defendants'—specifically Defendant JOHNSON's—conduct constituted disregard for Plaintiff's rights and/or safety, and said conduct was directed specifically at Plaintiff in an outrageous, extreme, atrocious, and intolerable manner.

55.     As a direct and/or proximate result of Defendants'—specifically Defendant JOHNSON's—outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff has, and will in the future, suffer severe or extreme emotional distress.

56.     As a direct and/or proximate result of Defendants'—specifically Defendant

9

JOHNSON's—intentional and reckless conduct and/or omissions, as outlined herein, Plaintiff has, and will in the future, suffer injuries and damages as set forth herein.

WHEREFORE, under Count II, Plaintiff prays for judgment against Defendants under the Act in a sum in excess of $25,000.00, for reasonable attorneys' fees, costs, interest as allowed by law, and for other such relief that this Court deems just and proper under the circumstances.

## COUNT III – SEX/GENDER DISCRIMINATION: UNLAWFUL EMPLOYMENT PRACTICES IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

57. Plaintiff incorporates and adopts by reference paragraphs 1 through 56 as though fully set forth herein.

58. During Plaintiff's employment with Defendants, Defendants—specifically Defendant JOHNSON—subjected Plaintiff to outrageous, extreme, atrocious, intolerable, severe and unwelcomed conduct based on Plaintiff's sex/gender, as outlined herein.

59. At all times relevant herein, Defendants'—specifically Defendant JOHNSON's—sexually offensive and gender-discriminatory conduct was outrageous, extreme, atrocious, intolerable, severe, unwelcomed, and objected to by Plaintiff.

60. Defendants'—specifically Defendant JOHNSON's—sexually offensive and gender-discriminatory conduct was sufficiently outrageous, extreme, atrocious, intolerable, severe, and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

61.     Defendants—specifically Defendant JOHNSON—knew or should have known of the outrageous, extreme, atrocious, intolerable, severe, pervasive, sexually offensive, and gender-discriminatory conduct, as Plaintiff expressed her concerns of said conduct to Defendants.

62.     Defendants—specifically Defendant JOHNSON—failed to exercise reasonable care to prevent and/or promptly correct the outrageous, extreme, atrocious, intolerable, severe, and pervasive conduct by Defendants, including but not limited to, one or both of the following:

    a.     Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees through gender discrimination and/or retaliation; and/or

    b.     Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the MHRA.

63.     Female Plaintiff's gender/sex, when repeatedly reporting the sexual harassment conduct against Plaintiff by Defendants—specifically Defendant JOHNSON—including by not limited to, through Defendants' agents, owners, supervisors and/or employees, actually played a role and was a determinative influence in disparate treatment of Plaintiff and the tangible employment actions taken against her by Defendants, resulting in her constructive discharge.

64.     Through Defendants' conduct, as described herein, Defendants violated Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

65.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff suffered intentional discrimination at the hands of and by Defendants during the course of her employment with

11

Defendants.

66.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff has been, and continues to suffer monetary and non-monetary damages.

67.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, Plaintiff has and continues to suffer, garden variety emotional distress and other compensatory damages.

68.     By failing to take prompt and effective remedial action with respect to Defendant JOHNSON, Defendants DISTRICT and BOARD effectively condoned, ratified, authorized, aided, abetted, incited, compelled, and/or coerced and/or attempted to do so the sex/gender discrimination and retaliation against Plaintiff.

69.     Defendants' outrageous, extreme, atrocious, severe, and intolerable conduct was willful, wanton, and malicious and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future, as provided for under law.

70.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided for as provided for under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

WHEREFORE, under Count III, Plaintiff prays for judgment against Defendants under the Act in a sum in excess of $25,000.00, for reasonable attorneys' fees, costs, interest as

allowed by law, and for other such relief that this Court deems just and proper under the circumstances.

## COUNT IV – SEX/GENDER DISCRIMINATION: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

71.     Plaintiff incorporates and adopts by reference paragraphs 1 through 70 as though fully set out herein.

72.     As outlined in this Petition, Plaintiff engaged in protected activities, including, but not limited to, making a verbal complaint against Defendant JOHNSON to Defendants' management, filing a complaint with the Missouri Department of Labor against Defendants—alleging sex/gender discrimination and retaliation—and filing a charge of discrimination with the EEOC against Defendants based on Plaintiff's sex/gender discrimination.

73.     After Plaintiff's filing of the charges of discrimination, Plaintiff was subjected to further outrageous, extreme, atrocious, intolerable, severe, and pervasive discrimination based on Plaintiff's sex/gender.

74.     As a result of Plaintiff's attempts to protect her rights under the Act, as outlined herein, Plaintiff suffered adverse employment actions, as alleged in this Petition.

75.     Plaintiff's attempts to protect her rights under the Act actually played a role and was a determinative influence in the adverse employment actions suffered by Plaintiff, as outlined herein.

76.     Through Defendants' conduct, as described herein, Defendants violated Section

13

704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

77.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff suffered intentional discrimination and retaliation at the hands of and by Defendants during her employment with Defendants.

78.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff has been, and continues to suffer monetary and non-monetary damages.

79.     As a direct and proximate result of Defendants' actions and/or omissions, as outlined herein, Plaintiff has suffered a garden variety emotional distress and other compensatory damages.

80.     By failing to take prompt and effective remedial action with respect to Defendant JOHNSON, Defendants DISTRICT and BOARD effectively condoned, ratified, authorized, aided, abetted, incited, compelled, and/or coerced and/or attempted to do so the gender discrimination and retaliation against Plaintiff.

81.     Defendants' outrageous, extreme, atrocious, severe, and intolerable conduct was willful, wanton, and malicious and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future, as provided for under law.

82. Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided for as provided for under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

WHEREFORE, under Count IV, Plaintiff prays for judgment against Defendants under the Act in a sum in excess of $25,000.00, for reasonable attorneys' fees, costs, interest as allowed by law, and for other such relief that this Court deems just and proper under the circumstances.

## COUNT V – SEX/GENDER DISCRIMINATION: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

83. Plaintiff incorporates and adopts by reference paragraphs 1 through 82 as though fully set forth herein.

84. During Plaintiff's employment with Defendants, Defendants—specifically Defendant JOHNSON—subjected Plaintiff to outrageous, extreme, atrocious, intolerable, severe and unwelcomed conduct based on Plaintiff's sex/gender, as outlined herein.

85. At all times relevant herein, Defendants'—specifically Defendant JOHNSON's—sexually offensive and gender-discriminatory conduct was outrageous, extreme, atrocious, intolerable, severe, unwelcomed, and objected to by Plaintiff.

86. Defendants'—specifically Defendant JOHNSON's—sexually offensive and gender-discriminatory conduct was sufficiently outrageous, extreme, atrocious, intolerable,

severe, and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

87.     Plaintiff's sex/gender was a motivating factor in Defendants' actions towards and employment decisions relating to Plaintiff.

88.     Defendants' actions towards and employment decisions relating to Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's ability to perform her job and duties.

89.     Defendants—specifically Defendant JOHNSON—knew or should have known of the outrageous, extreme, atrocious, intolerable, severe, pervasive, sexually offensive, and gender-discriminatory conduct, as Plaintiff expressed her concerns of said conduct to Defendants.

90.     Defendants—specifically Defendant JOHNSON—failed to exercise reasonable care to prevent and/or promptly correct the outrageous, extreme, atrocious, intolerable, severe, and pervasive conduct by Defendants, including but not limited to, one or both of the following:

   a. Failing to make good-faith efforts to establish and enforce policies to prevent illegal discrimination against its employees through gender discrimination and/or retaliation; and/or

   b. Failing to properly train and/or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws, including the MHRA.

91.     Female Plaintiff's gender/sex, when repeatedly reporting the sexual harassment conduct against Plaintiff by Defendants—specifically Defendant JOHNSON—including by not limited to, through Defendants' agents, owners, supervisors and/or employees, actually

16

played a role and was a determinative influence in disparate treatment of Plaintiff and the tangible employment actions taken against her by Defendants, resulting in her constructive discharge.

92. Through Defendants' conduct, as described herein, Defendants violated Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

93. As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff suffered intentional discrimination at the hands of and by Defendants during the course of her employment with Defendants.

94. As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, as outlined herein, Plaintiff has been, and continues to suffer monetary and non-monetary damages.

95. As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, Plaintiff has and continues to suffer, garden variety emotional distress and other compensatory damages.

96. By failing to take prompt and effective remedial action with respect to Defendant JOHNSON, Defendants DISTRICT and BOARD effectively condoned, ratified, authorized, aided, abetted, incited, compelled, and/or coerced and/or attempted to do so the gender discrimination and retaliation against Plaintiff.

97. Defendants' outrageous, extreme, atrocious, severe, and intolerable conduct was willful, wanton, and malicious and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like

17

conduct in the future, as provided for under law.

98.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided for under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

WHEREFORE, under Count V, Plaintiff prays for judgment against Defendants under the Act in a sum in excess of $25,000.00, for reasonable attorneys' fees, costs, interest as allowed by law, and for other such relief that this Court deems just and proper under the circumstances.

## COUNT VI – SEX/GENDER DISCRIMINATION: CONSTRUCTIVE DISCHARGE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, *et seq.*

99.     Plaintiff incorporates and adopts by reference paragraphs 1 through 98 as though fully set forth herein.

100.    During Plaintiff's employment with Defendants, Defendants—specifically Defendant JOHNSON—subjected Plaintiff to outrageous, extreme, atrocious, intolerable, severe and unwelcomed conduct based on Plaintiff's sex/gender, as outlined herein.

101.    At all times relevant herein, Defendants'—specifically Defendant JOHNSON's—sexually offensive and gender-discriminatory conduct was outrageous, extreme, atrocious, intolerable, severe, unwelcomed, and objected to by Plaintiff.

102.    Due to Defendants' conduct towards Plaintiff and conditions of Plaintiff's employment with Defendants, as fully described herein, Plaintiff reasonably found Plaintiff's

workplace with Defendants to be hostile, intimidating, abusive and intolerable such that Plaintiff was placed in a disadvantageous position and forced to not renew her employment contract with Defendants.

103.    Defendants intended for Plaintiff to leave through constructive discharge and/or could reasonably foresee that Defendants' conduct towards Plaintiff and conditions of Plaintiff's employment with Defendants, as fully described herein, would force Plaintiff to leave through constructive discharge.

104.    Defendants'—specifically Defendant JOHNSON's—sexually offensive and gender-discriminatory conduct was sufficiently outrageous, extreme, atrocious, intolerable, severe, and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile and/or abusive.

105.    Plaintiff's sex/gender was a motivating factor in Defendants' actions towards and employment decisions relating to Plaintiff.

106.    Defendants' actions towards and employment decisions relating to Plaintiff had the purpose and effect of unreasonably interfering with Plaintiff's ability to perform her job and duties.

107.    Defendants—specifically Defendant JOHNSON—knew or should have known of the outrageous, extreme, atrocious, intolerable, severe, pervasive, sexually offensive, and gender-discriminatory conduct, as Plaintiff expressed her concerns of said conduct to Defendants.

19

108.     Defendants—specifically Defendant JOHNSON—failed to exercise reasonable

care to prevent and/or promptly correct the outrageous, extreme, atrocious, intolerable, severe,

and pervasive conduct by Defendants, including but not limited to, one or both of the following:

a.     Failing to make good-faith efforts to establish and enforce policies to
       prevent illegal discrimination against its employees through gender
       discrimination and/or retaliation; and/or

b.     Failing to properly train and/or otherwise inform their supervisors and
       employees concerning their duties and obligations under civil rights laws,
       including the MHRA.

109.     Female Plaintiff's gender/sex, when repeatedly reporting the sexual harassment

conduct against Plaintiff by Defendants—specifically Defendant JOHNSON—including by

not limited to, through Defendants' agents, owners, supervisors and/or employees, actually

played a role and was a determinative influence in disparate treatment of Plaintiff and the

tangible employment actions taken against her by Defendants, resulting in her constructive

discharge.

110.     Through Defendants' conduct, as described herein, Defendants violated Section

703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

111.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious,

and intolerable conduct and/or omissions, as outlined herein, Plaintiff suffered intentional

discrimination at the hands of and by Defendants during the course of her employment with

Defendants.

112.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious,

and intolerable conduct and/or omissions, as outlined herein, Plaintiff has been, and continues

to suffer monetary and non-monetary damages.

113.     As a direct and proximate result of Defendants' outrageous, extreme, atrocious, and intolerable conduct and/or omissions, Plaintiff has and continues to suffer, garden variety emotional distress and other compensatory damages.

114.     By failing to take prompt and effective remedial action with respect to Defendant JOHNSON, Defendants DISTRICT and BOARD effectively condoned, ratified, authorized, aided, abetted, incited, compelled, and/or coerced and/or attempted to do so the gender discrimination and retaliation against Plaintiff.

115.     Defendants' outrageous, extreme, atrocious, severe, and intolerable conduct was willful, wanton, and malicious and showed complete indifference to and/or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendants and/or to deter them and others from like conduct in the future, as provided for under law.

116.     Plaintiff is entitled to recover reasonable attorneys' fees from Defendants, as provided for under Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k).

WHEREFORE, under Count VI, Plaintiff prays for judgment against Defendants under the Act in a sum in excess of $25,000.00, for reasonable attorneys' fees, costs, interest as allowed by law, and for other such relief that this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all Counts alleged herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Missouri as the place of trial of this matter.

Respectfully submitted,

**JUNGLE LAW GROUP, LLC**

By: */s/ Tristen Woods*
    */s/ Natig R. Guseynov*
Tristen Woods #68926
Natig R. Guseynov #64294
2300 Main St., #900
Kansas City, MO 64108
Tel: (816)448-3107
Fax: (816)448-3101
lauren@junglelaw.com
natig@junglelaw.com
***Attorneys for Plaintiff***

DocuSign Envelope ID: F1E3A928-011E-490C-ADBB-BACC2D18A693

| CHARGE OF DISCRIMINATION | | ENTER CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form. | **EXHIBIT A** | ☐ FEPA<br>☐ EEOC |

### MISSOURI COMMISSION ON HUMAN RIGHTS AND EEOC

| NAME<br>Breanne Jeffries | | Date of Birth<br>3/15/1994 | HOME TELEPHONE NO. (Include Area Code)<br>816-585-7845 |
|---|---|---|---|
| Street Address<br>1007 S Main St | | City, State and Zip Code<br>Independence, MO 64050 | County<br>USA |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME<br>Independence School District | NO. OF EMPLOYEES/MEMBERS<br>Over 500 | TELEPHONE NUMBER (Include Area Code)<br>816-521-5300 |
|---|---|---|
| STREET ADDRESS<br>201 N Forest Avenue | | CITY, STATE AND ZIP CODE<br>Independence, MO 64050 |

| NAME<br>Cassell Park Elementary School | TELEPHONE NUMBER (Include Area Code)<br>816-521-5540 |
|---|---|
| STREET ADDRESS<br>10401 E 31st St S | CITY, STATE AND ZIP CODE<br>Independence, MO 64052 |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br><br>☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION<br><br>☐ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE<br><br>☐ DISABILITY  ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE (Month, day, year)<br>August 2019 – July 2021<br><br>☐ CONTINUING ACTION |
|---|---|

My name is Breanne Jeffries and I was hired as a teacher at Cassell Park Elementary School in August 2019. During faculty meetings before the start of the school year, the principal Neal Johnson made comments about how women are mostly ducks, quacking and pooping, and that women should be eagles instead and fly above the ducks and not gossip.

I am a member of the LGBTQ+ community.  I was particularly offended when in January 2021, Neal refused to show a video because it featured a pride flag. Neal stated, "This is my school and I will always have my bias. I get to choose what is shown."

In April 2021, Neal called one of the female teachers a "bitch."

Neal also told a joke about Bill Clinton interviewing interns; "He throws a pen on the floor and tells them to pick it up."

On one occasion, Neal commented that women in the office were having a "hen fight."  I told him that was a sexist comment, and Neal responded sarcastically, "Did you just assume my gender?"

Neal said once, "Women are just something (I) have to deal with." He also frequently made comments about the physical appearances of young female staff members. He told several female staff that he felt bad for their partners, because of how opinionated he perceived these female staff members to be.

During a one-on-one with a particular teacher named Sierra Dinges, Neal told Sierra she had a "beautiful heart, beautiful mind, and a beautiful body."

During a Zoom meeting, Neal told yet another female teacher, "I was thinking about you when you took that potty break and asked me to watch your class."

I reported all of these things I witnessed, along with other instances (there are so many), in February 2021.  Eight other teachers brought forward similar claims. There was a school-wide investigation and teachers were interviewed by the Title IX coordinator, Greg Gilliam. In March, everyone that made a complaint was told their claims were found to be unsubstantiated.

In April 2021, Neal announced he was promoted to assistant principal at the high school. A couple days later, I was demoted to a lower position and had my pay cut. My contract was scheduled to be up at the end of July, and I did not renew.  I lost vacation days and I was docked on my last paycheck.

I have been sexually harassed and discriminated against based on my gender and sexual orientation. After reporting the harassment, I was retaliated against, no meaningful actions were taken to protect me, and then I was demoted and constructively discharged. But I am hopeful that we can come to some sort of resolution with the company and make positive changes going forward.

I am represented by the following Counsel:

Lauren Sierra Kruskall
Attorney at Jungle Law
2300 Main St, #900
Kansas City, MO 64108
o. #816-448-3107
f.  #816-448-3101
c. #816-944-3680

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

**NOTARY** - (When necessary to meet State and Local Requirements)

_____I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

1/24/2022
_____
Date                    Charging Party C7D44F13FB11426...

DocuSigned by:

C7D44F13FB11426...

_____
SIGNATURE OF COMPLAINANT

1/24/2022
_____
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month and year)





U.S. Department of Justice
Civil Rights Division
NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

May 04, 2022

Ms. Breanne Jeffries
c/o Lauren Kruskall, Esquire
Jungle Law
2300 Main Street, #900
Kansas City, MO  64108

Re:  EEOC Charge Against Independence School District, Cassel Park Elementary
     No. 563202201036

Dear Ms. Jeffries:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and the
Commission has determined that it will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the charge and the Department has
determined that it will not file any lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are hereby notified that you have the right
to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.
2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within
90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Kansas City Area Office,
Kansas City, KS.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to
whether or not your case is meritorious.

                              Sincerely,


                              Kristen Clarke
                         Assistant Attorney General
                           Civil Rights Division


                    by        /s/ Karen L. Ferguson
                           Karen L. Ferguson
                       Supervisory Civil Rights Analyst
                       Employment Litigation Section


cc: Kansas City Area Office, EEOC
  Independence School District, Cassel Park Elementary